IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

ELECTRIC INSURANCE COMPANY

v.                                         No. 1:11-cv-261

DAVID A. MICHEL, AND
CHECK INTO CASH, INC.

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW Electric Insurance Company** (hereinafter referred to as "Electric"), Plaintiff in the above-styled action, for its Complaint for Declaratory Judgment against David A. Michel (herein after "Defendant Michel) and Check Into Cash, Inc. (herein after "Check into Cash") states as follows:

## PARTIES, JURISDICTION AND VENUE

1.

This is an action for Declaratory Judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, 2002, to declare the rights and other legal obligations surrounding questions of actual controversy which presently exist between Plaintiff Electric and Defendant Michel.

At all times relevant hereto, Electric is a corporation organized and existing under the laws of the State of Massachusetts, with its principal place of business in the State of Massachusetts.

2.

Upon information and belief, Defendant Michel is a resident and citizen of the State of Tennessee.

3.

Upon information and belief, Check into Cash, Inc is a corporation with its principle place of business in Cleveland, Tennessee.

4.

This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332, because it is a civil action in which the amount in controversy exceeds the sum of the SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

A substantial amount part of the events and omissions giving rise to the claim arose in this jurisdiction and the Defendant Michel is subject to personal jurisdiction in this district.

5.

Venue in this action is proper pursuant to 28 U.S.C. § 1391.

## THE ELECTRIC INSURANCE POLICY AND LIABILITY COVERAGES

6.

Electric issued a Homeowners Policy Number 6296491H1, (hereinafter referred to as the "Policy") which includes a Homeowners Plus Endorsement, to Defendant Michel, with effective terms of coverage from August 8, 2010 until August 8, 2011, subject to the terms, conditions and exclusions contained in the Policy. (A certified copy of the Policy is attached hereto as Exhibit "A").

7.

The policy maintains limits of liability of $500,000.00 for Personal Liability (Bodily Injury & property Damage) Each Occurrence. (Ex. A).

8.

Homeowner Policy 6296491H1 contains the following relevant provisions.

**AGREEMENT**

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

**DEFINITIONS**

2. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

3. "Business" means:

   a. A trade, profession or occupation engaged in on a full-time, part-time or occasional basis; or

   b. Any activity engaged in for money or other compensation, except the following:

(1) One or more activities, not described in (2) through (4) below, for which no "insured" receives more than $2,000 in total compensation for the 12 months before the beginning of the policy period;

(2) Volunteer activities for which no money is received other than payment for expenses incurred to perform the activity;

(3) Providing home day care services for which no compensation is received, other than the mutual exchange of such services; or

(4) The rendering of home day care services to a relative of an "insured".

5. "Insured" means:

   **a.** You and residents of your household who are:

   (1) Your relatives; or

   (2) Other persons under the age of 21 and in the care of any person named above;

8. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

   a.  "Bodily injury"; or

   b.  "Property damage".

9. "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

## SECTION II – LIABILITY COVERAGES

A. Coverage E – Personal Liability

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.

## SECTION II – EXCLUSIONS

E. Coverage E – Personal Liability And Coverage F – Medical Payments To Others

Coverages E and F do not apply to the following:

1. Expected Or Intended Injury
   "Bodily Injury" or "property damage" which is expected or intended by one or more "insureds";

**SECTION II – LIABILITY COVERAGE (Homeowners Plus Endorsement G10196)**

Personal Injury

Under Coverage E – personal liability, the definition of *bodily injury* is amended to include *personal injury*.

"Personal injury" means injury arising out of one or more of the following offenses.

(1) false arrest, detention or imprisonment, or malicious prosecution;

(2) libel, slander or defamation of character; or

(3) invasion of privacy, wrongful eviction or wrongful entry.

SECTION II – Exclusions do not apply to personal injury. Personal Injury Insurance does not apply to:

(2) injury caused by a violation of a penal law or ordinance committed by or with the knowledge or consent of an insured;

(4) injury arising out of the business pursuits of an insured;

## UNDERLYING ACTION

9.

On or about July 30, 2011, Check Into Cash, Inc. filed a lawsuit against David A. Michel in the Chancery Court for Bradley County, Tennessee, bearing Civil Action No. 2011-CV-157 (hereinafter referred to as the "Underlying Suit"). (A true and accurate copy of the Complaint, with attached Exhibits, in the Underlying Suit is attached hereto as Exhibit "B").

10.

The Complaint in the Underlying Suit alleges that Check into Cash is a general short-term consumer lending business which includes payday advances, payday loans, checking cashing, money orders, title loans and the like. (Ex. B.)

11.

On December 29, 2006, the Defendant became employed with the Plaintiff and signed an Employment, Confidentiality, and Non-Competition Agreement ("Employment Agreement") with the Plaintiff. (Ex. B.)

According to the Complaint, the Employment Agreement provides that David Michel: "(iii) interfere with, disrupt, or attempt to disrupt relationship, contractual or otherwise, between the company and its employees, contractors, and customers;" (Ex. B.)

12.

On or about April 19, 2011, the Plaintiff Check into Cash terminated the Defendant Michel for gross misconduct and mismanagement. (Ex. B.)

13.

Check into Cash asserts that Defendant Michel has embarked on a course of conduct designed and intended to interfere with and disrupt the Plaintiff's business in violation of common law and his contractual duties with the Plaintiff. (Ex. B.)

14.

Further, the Complaint asserts that Defendant Michel published to third persons malicious, slanderous, false, scandalous, and defamatory words as related to Check into Cash, as well as employees of Check into Cash. "These defamatory words include, but are not limited to, statements claiming that Check into Cash and/or its employees are corrupt, bottom-feeders, seed, racist, assholes, perverts, suffer from psychiatric disorders and are bi-polar." (Ex. B.)

15.

The Complaint also asserts that Defendant Michel invaded the privacy of the Plaintiff Check into Cash by publishing false and defamatory states as related to it on the internet while at the same time falsely impersonating and representing to be officers and employees of the Plaintiff Check into Cash, including, but not limited to, Steve "Doughball" Hixon and Steve "Slag" Scoggins. (Ex. B.)

16.

Finally, the complaint alleges that Defendant Michel impersonated and falsely represented to be communicating to the public on behalf of one of the Plaintiff Check into Cash's affiliates known as the Bald Headed Bistro. Defendant Michel also falsely impersonated and represented himself to be an employee of Check into Cash named Randy Jarrett, while at the same time using the racist identity of "The Little Chocolate Man." Plaintiff Check into Cash asserts that these intrusions by the Defendant go beyond the limits of decency. (Ex. B.)

<h1 style="text-align:center">17.</h1>

Based on the foregoing claims, Check into Cash has alleged the following causes of action in the underlying matter,

    a.       Breach of Contract.

    b.       Breach of Duty of Loyalty

    c.       Defamation/Libel

"17. The Defendant's false and defamatory statements have been intended to falsely attack the reputation of the Plaintiff and its employees, expose the Plaintiff to public hatred, contempt, and ridicule, and deprive the Plaintiff of the benefit of public confidence and the Plaintiff has been thusly damaged and continues to be damages." (Ex. B. pg. 6)

    d.       Invasion of Privacy/False Light

"19. The Defendant has maliciously invaded the privacy of the Plaintiff and its employees and affiliate companies by publicly casting the Plaintiff, its employees and affiliate companies in a false light. The Defendant has further maliciously misappropriated the name and likeness of the Plaintiff, its employees, officers and affiliate companies while publicly casting the aforesaid in a false light. (Ex. B. pg. 7)

20. As the result of the Defendant's actions, the Plaintiff has suffered public ridicule and humiliation and the Plaintiff has been thusly damaged and continues to be damaged." (Ex. B. pg. 7)

Page 8 of 13
Case 1:11-cv-00261-CLC-WBC   Document 14   Filed 11/30/11   Page 8 of 13   PageID #: 161

e. False Impersonation

"22. The Defendant has falsely represented the identity of the Plaintiff, its employees, officers and affiliate companies with the intent to injure the aforesaid and the Plaintiff has been thusly damaged and continues to be damaged." (Ex. B. pg. 7)

18.

Plaintiff Check into Cash seeks punitive damages for Defendant David Michel's intentional, reckless, malicious, and/or fraudulent actions as set forth in the Complaint. (Ex. B. pg. 7)

19.

Plaintiff Check into Cash seeks a restraining order, enjoining and prohibiting the Defendant from publishing false and slanderous words as related to the Plaintiff, it employees, officers and/or subsidiaries and affiliate companies; (3) retraining, enjoining, and prohibiting the Defendant from publishing false and defamatory statements on the internet as related to the Plaintiff, it employees, officers and/or subsidiaries and affiliate companies, while falsely impersonating and representing to be officers and employees of the Plaintiff.

20.

Under this strict reservation of rights, Electric is currently providing Defendant David Michel with a defense in the Underlying Suit. In providing this defense, Electric has reserved its rights to later withdraw its defense and/or disclaim coverage and indemnification for all or part of any judgment which may be obtained against Defendant David Michel in the Underlying Suit.

21.

Under the strict reservation of rights, Electric has also specifically reserved its rights to seek any and all costs, including attorney fees, associated with defending the underlying suit.

**DECLARATORY JUDGMENT**

22.

Electric asserts that the Policy at issue does not provide, and expressly excludes, coverage for the facts and allegations upon which the Underlying Suit against Defendant Michel is based, and therefore, Electric has no duty to defend or indemnify Defendant Michel for the claims asserted against him in the Underlying Suit.

23.

Specifically, the alleged conduct of Defendant Michel arose out of conduct which amounts to an act that was conducted with the knowledge or consent of the insured that constitutes a "violation of a penal law or ordinance."

Plaintiff avers that Defendant Michel's alleged decision to invade the privacy of Check-into-Cash and engage in libel, slanderous, and defamatory conduct, as plead in the Complaint, amounts to the following criminal acts under Tennessee law: False Personation, T.C.A. § 39-16-301; Criminal Impersonation, T.C.A. 39-16-301; Criminal Libel, T.C.A. § 39-2701; and Deceptive Business Practices, T.C.A. 39-14-127.

24.

Additionally or alternatively, the alleged conduct of Defendant amounts to an "injury arising out of the business pursuits of an insured," and is therefore specifically excluded under

the policy of insurance. As noted in the underlying Complaint, following Defendant David Michel's discharge from Check-into-Cash, he became employed with a Company that competes with Check-into-Cash within the short-term lending business industry known as Clearvox, LLC. (See. Ex.B. pgs. 4-5)  In furtherance of his business pursuits, whether it be deemed full-time, part-time, and/or occasional, Michel embarked on a course of conduct designed and intended to interfere and disrupt Check into Cash's business.  *Id*. at 4.  Namely, Michel, has allegedly published to third persons malicious, slanderous, false, scandalous, and defamatory words related to Check-into-Cash. *Id*.  Michel has also invaded the privacy of Check-into-Cash by publishing false and defamatory statements, while at the same time using the racist identity of "The Little Chocolate Man." *Id*.

25.

Electric asserts that a genuine dispute exists regarding the coverage issues mentioned above and that declaratory judgment is necessary to clarify these uncertain issues.

26.

If Electric's contentions are correct, then Electric would be under no duty to defend Defendant Michel with respect to the Underlying Suit, and Electric would be under no obligation to pay any judgment in connection with the above-described acts.  However, should Electric withdraw its defense in the underlying lawsuit without a declaration from this Court, it could risk a claim for breach of contract or bad faith.

27.

Therefore, Electric is placed in jeopardy by the continued expense of the defense of Defendant Michel in the Underlying Suit until Electric receives the declaration of rights and duties it seeks.

Wherefore, Plaintiff Electric respectfully requests:

A. For Declaratory Judgment declaring the rights and liabilities of the parties to the insurance contract which is attached hereto;

B. For Declaratory Judgment that Plaintiff has no duty to defend Defendant David Michel in the Underlying Suit;

C. For Declaratory Judgment that Plaintiff Electric has no duty to indemnify Defendant Michel in the Underlying Suit;

D. For Declaratory Judgment that Electric is entitled to recover all costs, including attorney fees, associated with providing a defense for Michel in the underlying action.

D. For costs in this action;

E. For such other and further relief as this Honorable Court may deem proper under the circumstances;

F. For process and summons issued to each of the Defendants herein and that service on the Defendants be had as required by law.

This 30th day of November, 2011.

          Respectfully submitted,
          **BOYLE BRASHER LLC**


          _s/Rodrick D. Holmes_
          **S. Camille Reifers, #19856**
          **Rodrick D. Holmes, #24501**
          80 Monroe Ave., Suite 410
          Memphis, TN 38103
          (901) 521-2860

          **ATTORNEYS FOR DEFENDANT**